UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MANDY L. MOSER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 17-386-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Mandy L. Moser has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to challenge the enhancement of her federal sentence. [Record No. 1] This matter is pending for initial screening of Moser's petition. 28 U.S.C. § 2243. The Court will deny the relief sought because Moser may not assert her claims in a § 2241 petition.

A federal grand jury for the Eastern District of Tennessee returned an indictment in February 2014, charging Moser with two counts of conspiracy to manufacture 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Counts One and Two) and one count of possession of equipment, chemicals, products and materials used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6) (Count Eight). In July 2014, Moser signed a written plea agreement in which she agreed to plead guilty to Counts One and Two. The United States agreed to move to dismiss the remaining count against Moser (Count Eight) at the time of sentencing. In the plea agreement, Moser further agreed to the following:

(a) In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense committed, the defendant agrees not to file a direct appeal of the defendant's conviction or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range or any applicable mandatory minimum sentence (whichever is greater) as determined by the district court.

(b) In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 *or to collaterally attack the defendant's conviction and/or resulting sentence*. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

(emphasis added).

The trial court sentenced Moser in April 2015 to 180 months imprisonment on each of Counts 1 and 2, to run concurrently, as well as concurrently to a state sentence imposed for the violation of parole in Monroe County, Tennessee. The trial court also dismissed Count Eight upon the motion of the United States. Moser did not file a direct appeal, nor did she file a motion to vacate her conviction and sentence under 28 U.S.C. § 2255. *United States v. Moser*, No. 3: 14-CR-14-TAV-HBG-6 (E.D. Tenn. 2014).

Although the Presentence Report ("PSR") prepared by the United States Probation Office in Moser's underlying criminal case is sealed, in her § 2241 petition, Moser states that the Probation Office concluded in the PSR that she qualified as a "Career Offender" pursuant to U.S.S.G. § 4B1.1(a) based on her two prior felony convictions for controlled substance offenses. Specifically, Moser states that she has a December 2005 conviction for promoting the manufacture of methamphetamine and a January 2006 conviction for initiating process to

manufacture methamphetamine.[1]  [Record No. 1-1 at 6, 12-13]  Moser further states that the Probation Office calculated a guideline sentencing range of 262-327 months of imprisonment. [*Id*. at 6]  Thus, her actual sentence of 180 months was well below the guideline range.

Moser argues in her § 2241 petition that, in light of the Supreme Court's decision in *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), as well as the Fifth Circuit's decision in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and the Seventh Circuit's decision in *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016), that her prior convictions are no longer "controlled substance offenses" as defined in U.S.S.G. § 4B1.2(b).  Thus, Moser contends that she no longer qualifies as a career offender under U.S.S.G. § 4B1.1(a).  [Record No. 1 at 7]

Moser's petition must be denied because she waived her right to collaterally attack her conviction or sentence in her plea agreement.  Such waivers apply to § 2241 proceedings. *Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013) ("Muller's plea agreement included a waiver of collateral-attack rights 'in any post-conviction proceeding, including-but not limited to-any proceeding under 28 U.S.C. § 2255.'  Therefore, his plea agreement forecloses relief pursuant to § 2241…"); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases).

Even if this were not the case, Moser may not pursue these claims in this proceeding. A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of

---

[1] Moser provides no additional details regarding her prior convictions, nor is any further information publicly available in the record in her underlying criminal case.

her sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A § 2241 petition may typically only be used as a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A federal prisoner who instead wishes to challenge the legality of her conviction or sentence must file a motion under § 2255. *Peterman*, 249 F.3d at 461 (explaining the distinction between a § 2255 motion and a § 2241 petition). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez*, 16 F. App'x at 360.

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes*

*v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where: (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Moser does not satisfy the first criteria in *Hill* because she was sentenced in 2015, long after *Booker* was decided. In addition, although she attempts to rely on the Supreme Court's decision in *Mathis*, for a claim based upon a recently-issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the holding must be retroactively applicable to cases on collateral review. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). The Supreme Court in *Mathis* made abundantly clear that its holding was required by decades-old precedent and hence did not announce any new rule, *Mathis*, 136 S. Ct. at 2257, and the Sixth Circuit has expressly so held. *In re: Conzelmann*, 2017 WL 4159184 (6th Cir. 2017). Therefore *Mathis*, and the Fifth Circuit's decision in *Hinkle* which is based upon it, do not assist Moser.

Moser's attempt to rely on *Holt* also fails. Not only is Seventh Circuit precedent not binding on this Court, but *Holt* involved a second or successive petition brought under 28 U.S.C. § 2255. *Holt*, 843 F.3d at 722. In *Holt*, the Seventh Circuit held that a *Mathis* claim could not be brought in a second or successive § 2255 proceeding because *Mathis* has not been declared retroactive by the Supreme Court, nor is it a new rule of constitutional law. *Id*. The *Holt* court specifically declined to consider whether the petitioner may be entitled to relief under § 2241. *Holt*, 843 F.3d at 724. Thus, Moser is not entitled to relief under *Holt*.

For the reasons outlined above, Moser's petition fails to establish any basis for habeas relief. Accordingly, it is hereby

**ORDERED** as follows:

1. Moser's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. A corresponding Judgment will be entered this date.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

This 9th day of November, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge